STATE OF NORTH CAROLINA v. TRACY THOMPKINS

No. 8612SC221

(Filed 7 October 1986)

1. **Burglary and Unlawful Breakings § 5.8— breaking or entering and larceny—felonious intent—value of stolen goods—sufficiency of evidence**

   The State's evidence of felonious intent and of the value of the stolen goods was sufficient to support defendant's conviction of felonious breaking or entering and felonious larceny where it tended to show that the side door to the victim's house had been kicked in and the door casing was split open while the victim was at work; defendant was twice seen walking from the side of the victim's house, one time carrying a large, square object and the second time carrying a long, rectangular object; a color television, a tape deck and a stereo amplifier were missing from the victim's house; and the victim testified that the missing items were worth about $900.

2. **Criminal Law §§ 101.4, 122.1— denial of jury's request to review evidence—failure to exercise discretion**

   The trial judge in a breaking or entering and larceny prosecution erred in denying the jury's request to review the testimony of the State's identification witness on the ground that a transcript was not available where the trial judge's remarks show that he did not exercise his discretion under N.C.G.S. § 15A-1233(a) but denied the request because he felt that he did not have the authority to grant it.

APPEAL by defendant from *Herring, Judge.* Judgments entered 6 November 1985 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 15 September 1986.

Defendant was charged in a proper bill of indictment with second degree burglary and the felonious larceny of a stereo system and a color television.

At trial, the State introduced evidence tending to show the following: At 9:00 p.m. on 21 August 1984, defendant was seen walking from the side of Celia Scarborough's house to the back of the house two times, carrying a large object in his hands each time. Celia Scarborough was at work that night, and when she came home, she found that the side door of her house had been smashed in and her Sony color television and her stereo amplifier and tape deck were missing. She testified that these items were worth about $900.

Defendant was found guilty of felonious breaking or entering and felonious larceny. From judgments imposing prison sentences of three years for breaking or entering and three years for larceny, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*Staples Hughes for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant assigns as error the trial court's denial of his motion to dismiss the charges for insufficiency of the evidence. Defendant contends that the evidence of felonious intent was insufficient to support the conviction for felonious breaking or entering. He also argues that the evidence is insufficient to show that the items taken had a value of greater than $400 and thus to support the conviction of felonious larceny. We disagree with defendant's contentions.

The offense of felonious breaking or entering is defined in G.S. 14-54(a) which provides, "Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." the intent to commit larceny may be inferred from the fact that defendant committed larceny. *State v. Wilson*, 315 N.C. 157, 337 S.E. 2d 470 (1985). G.S. 14-72 defines the offense of felonious larceny as "[l]arceny of goods of the value of more than four hundred dollars."

The evidence in the present case tends to show that Celia Scarborough locked the door to her home when she left on the morning of 21 August 1984. She testified that no one else had a key or permission to enter her house. Her neighbors, Carl and

Lisa Maier, and Carl's sister Karon Maier, testified that about 9:00 that evening they saw a car drive slowly down the street and park near the Scarborough home. A man got out of the car and walked around the house. The Maiers saw the man walk from the side of the house to the rear of the house two times, each time carrying a large object in his hands. One of the objects was large and square and the other object was long and rectangular. The man then walked to his car. Karon Maier identified defendant as the man she had seen at the Scarborough house that night. The sheriff's deputy who investigated the incident testified that the door to the house had apparently been kicked in and the door casing was split open. Celia Scarborough testified that she came home after a neighbor called her at work to tell her what had happened, and she discovered that her color television and part of her stereo system, a tape deck and an amplifier, were missing. She testified that these items were worth about $900.

This evidence is sufficient for the jury to find that a breaking or entering occurred and that defendant was the perpetrator. The evidence tending to show that defendant was seen walking around the house with large objects in his hands and that a television and parts of a stereo were missing supports a finding that defendant committed larceny, and thus supports an inference that he committed the breaking or entering with the intent to commit larceny. Celia Scarborough's testimony about the value of the goods missing from her home is sufficient for the jury to find that they had a value of more than $400. *State v. Cotten*, 2 N.C. App. 305, 163 S.E. 2d 100 (1968). We hold, therefore, that the trial court properly denied defendant's motion to dismiss.

[2] Defendant also contends that the trial court erred by denying the jury's request to review testimony of defendant's alibi witness on the ground that a transcript was not available. We agree.

G.S. 15A-1233 provides, in pertinent part, as follows:

(a) If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and

may permit the jury to reexamine in open court the request-
ed materials admitted into evidence.

In *State v. Ashe*, 314 N.C. 28, 33, 331 S.E. 2d 652, 656 (1985), the
trial court responded to the jury foreman's request to review por-
tions of the testimony as follows: "There is no transcript at this
point. You and the other jurors will have to take your recollection
of the evidence as you recall it and as you can agree upon that
recollection in your deliberations." The Supreme Court in *Ashe*
held that the trial judge erred in his response to the jury's re-
quest. The Court reasoned that the trial judge had not exercised
his discretion as required by G.S. 15A-1233(a), because his
response indicated that he felt that he could not grant the re-
quest. The Court also held that the failure of the trial court to ex-
ercise its discretion constituted reversible error because whether
the jury fully understood the alibi witness' testimony "was
material to the determination of defendant's guilt or innocence."
*Id.* at 38, 331 S.E. 2d at 658. (Citation omitted.)

In the present case, after the jury had retired for delibera-
tions, they returned to the courtroom, and the foreman requested
to rehear the testimony of Karon Maier and the sheriff's deputy.
The trial judge responded as follows:

All right, sir. Let me advise you that—undoubtedly, this
request is based upon your observation of the Court Report-
er taking down everything that has been said. A transcript
has not been prepared. The Court Reporter is making the
recordation for appellate review purposes, and it would take
a considerable period of time to type that up. Her notes are
in a coded form of shorthand, so it is not possible to arrange
that.

In addition to that, the law will not permit me to bring
witnesses back to the stand at this stage and have them
repeat as closely as they can what has been stated before. So
unfortunately, your only recourse is to recall, as best you
can, the testimony as it was presented in open court.

I'm sorry that there is no way I can accommodate that
request.

This response, like the response of the trial judge in *Ashe*, in-
dicates that the trial judge did not exercise his discretion in deny-

In re Walker

ing the jury's request to rehear testimony, but denied the request because he felt that he could not grant it. The trial court's failure to exercise its discretion constitutes reversible error. The jury requested a review of the testimony of Karon Maier, the only witness to identify defendant as the perpetrator. Whether the jury fully understood her testimony was material to the determination of defendant's guilt or innocence. Therefore, defendant is entitled to a new trial. *Id.; State v. Lang*, 301 N.C. 508, 272 S.E. 2d 123 (1980).

Because of our disposition of this case, it is unnecessary for us to address defendant's remaining assignments of error.

New trial.

Judges ARNOLD and ORR concur.