STATE OF NORTH CAROLINA, Plaintiff, v. JAMES THOMAS LONG, Defendant

No. COA08-846

(Filed 7 April 2009)

**Criminal Law— denial of jury request to review testimony— trial court's failure to exercise discretionary power**

The trial court erred in a first-degree rape and first-degree sexual offense case by failing to comply with the mandatory requirements of N.C.G.S. § 15A-1233(a) for responding to the jury's request to review evidence during deliberations, and defendant is entitled to a new trial because: (1) although the trial court instructed the jurors to rely upon their recollections, it did not exercise its discretion since the trial court considered providing a transcript to the jury to be an impossibility; (2) there was no indication the trial court considered the possibility of having the court reporter read the testimony to the jury, which was actually what the jury requested; and (3) the trial court's failure to exercise its discretion resulted in prejudice to defendant since the requested evidence placed this case more in line with those cases where material evidence was requested rather than cases where the evidence requested was not determinative of guilt or innocence.

Appeal by defendant from judgments entered on or about 14 February 2008 by Judge W. Allen Cobb, Jr. in Superior Court, Craven County. Heard in the Court of Appeals 11 December 2008.

*Attorney General Roy A. Cooper, III by Assistant Attorney General Lisa Y. Harper and Special Deputy Attorney General Thomas J. Pitman, for the State.*

*Haral E. Carlin, for defendant-appellant.*

**STATE v. LONG**

[196 N.C. App. 22 (2009)]

STROUD, Judge.

Defendant was found guilty of two counts of first degree sexual offense and one count of first degree rape. Defendant has argued several issues on appeal, one of which we deem dispositive. The dispositive issue is whether it was prejudicial error for the trial court to fail "to comply with the mandatory requirements of N.C.G.S. § 15A-1233(a) for responding to [the] jury['s] request to review evidence during deliberations[.]" For the following reasons, defendant must be granted a new trial.

## I. Background

The State's evidence tended to show: In July of 2006, when Claire[1] was eleven years old, she told two others, Samantha and Brooke, that her father, defendant, had raped her. Brooke informed Claire's mother. On 18 July 2006, Sergeant John Whitfield ("Sergeant Whitfield") of the Craven County Sheriff's Office began an investigation of defendant by interviewing Claire and her mother. Claire informed Sergeant Whitfield of two or three incidents of oral sex and an unspecified number of incidents of rape in which defendant's penis penetrated her vagina. Sergeant Whitfield determined that Claire was between the ages of five and seven when the sexual incidents occurred. On 20 July 2006, Sergeant Whitfield obtained a warrant against defendant for rape of a child, and on 21 July 2006 he went to interview defendant. Defendant voluntarily went with Sergeant Whitfield back to the sheriff's office to discuss the accusations. Once at the sheriff's office, defendant was read his Miranda rights. Defendant then signed each page of the following statement:

My name is James Long, Junior. I am 36 years old. I graduated from New Bern High School. I read well. I can't spell very well. I asked Investigator Whitfield to write this statement for me.

I continued my education at Pitt Community College and Fayetteville Tech. I took my EMT class, took Firefighter I, II, and III, and BLET and then Corrections Classes, because I worked for the Department of Corrections for about a year.

Investigator Whitfield came to my house tonight and told me that my daughter, [Claire], said I had sex with her. He asked me to ride with him to the Sheriff's Office in New Bern to talk, and I did that.

---

1. Pseudonyms will be used to protect the identity of the minor child.

**STATE v. LONG**

[196 N.C. App. 22 (2009)]

I understand that I am not under arrest, and I was read my Miranda Rights, and I understand these rights. And with those rights in mind I give this statement of my own free will.

No one has promised me anything. I understand, and Investigator Whitfield told me, that he could not make any promises to me. I want to do this to keep [Claire] from going through the court process.

I lived at 103 Country Springs Road in Craven County from January 2000 through July 2002. I left July 11, 2002. [Claire] is my daughter. This all started one night while watching television. [Claire] and I were on the couch and she was laying her head in my lap. This caused me to get a hard on, and I couldn't understand why.

[Claire] asked me what I was doing, and I asked her what she meant. She said she hadn't seen my penis big; she said she wanted to see it. She went inside the covers and looked at my penis, and then began to play with it.

This happened a couple of times; and once, she came into the bedroom and saw my wife, Jennifer, giving me head.

She asked me later what her mother was doing, and asked me if she could do it too. She would give me oral sex, and I would give her oral sex, sometimes at the same time. I came in her mouth once, but she didn't like it and spit it out.

I don't actually remember putting my dick in her vagina, but she would get on top of me and ride the pony, as she called it, but it may have slipped in then.

Her mother would be at work when this happened, and she worked night shift.

It happened on the couch, in the bathroom, and in my bedroom. I never got on top of her, because she was a very small child. I would kill her if I got on top of her.

I think all this happened five to 10 times; I'm not sure. I never felt that it was right to come inside of her vagina. I did stick my dick in her ass one time; I used K-Y Jelly as a lubricant. And I stuck it in, and I was about to come anyway. By the time she said, Daddy, it hurts, I told her it was okay, I was coming then anyway.

**STATE v. LONG**

[196 N.C. App. 22 (2009)]

I told her what we were doing was wrong and if she ever told anyone that Daddy would go to jail for a long time.

Defendant was arrested and tried. The jury found defendant guilty of two counts of first degree sexual offense and one count of first degree rape. The jury also found aggravating factors as to all three charges.

## II. Jury's Request

Defendant argues that the trial court failed to exercise its discretion in denying the jury's request to review the transcripts of defendant and Claire, and thus defendant is entitled to a new trial. Though defendant failed to object regarding N.C. Gen. Stat. § 15A-1233(a) at trial, his argument is nonetheless preserved for appeal. *See State v. Ashe*, 314 N.C. 28, 40, 331 S.E.2d 652, 659 (1985). The State's response to defendant's argument as to the trial court's failure to exercise its discretion in denying the jury's request consists primarily of a quotation from the applicable statute and statement of the standard of review, but it has failed to address any of the cases, and there are many, regarding this substantive issue. We admonish the State to fully brief the issues and applicable case law, particularly when dealing with such important interests as defendant's liberty and the sexual abuse of a minor child. For the following reasons, we order defendant be given a new trial.

During the jury deliberations of defendant's trial the following dialogue took place outside of the presence of the jury:

The Court: Let the record reflect that they [, the jury,] have sent what appears to be a note with these words on it. Mister Long transcript from the trial, [Claire] transcript, both read back to us.

Ms. Hobbs [prosecutor]: Judge, I've never heard of that happening?

The Court: Any comments?

Mr. Wolfe [defendant's attorney]: Can we comply in any way, sir?

The Court: No, because we don't have real-time transcripts. I'm assuming that's correct, isn't it, Madam Court Reporter?

Court Reporter: That's correct.

STATE v. LONG

[196 N.C. App. 22 (2009)]

The Court: So my inclination is to call them back in and tell them that we do not have such a thing, we don't have the technology to provide that, and tell them that they need to rely on their recollection in their deliberations as they work towards their verdict.

Mr. Wolfe: Well how long would it take to prepare that?

The Court: We don't do that in North Carolina. We do not do that.

. . . .

(All 12 jurors are present in the courtroom.)

The Court: Mister Taylor [, jury foreperson], when you first knocked on the door to the jury room the bailiff indicated to me that you had reached a verdict. If you would stand, please, sir. And then when I asked you if you had reached a unanimous verdict you said you had not; is that correct?

Mr. Taylor: Yes, sir, that's correct.

The Court: Have you reached a unanimous verdict on any of the charges that you are considering?

Mr. Taylor: No, sir, we have not.

The Court: Then you went back into the jury room, and I told you to write down any question that you may have, and you sent back a paper writing, and it says: Mister Long's transcripts from the trial, [Claire]'s transcripts, both read back to us. Is that your question for the Court at this point?

Mr. Taylor: Yes, sir. That's what I need.

The Court: I need to inform you that in the State of North Carolina, with our court reporting equipment, we don't have the technology to give you transcripts from the trial. We are not prepared to do that.

So what I am going to say to you is that in this situation you are to rely upon your recollection of what the evidence is in trying to resolve this question that you have. That is what you are charged with doing. That's why in my instructions to you I said, you are to rely on your recollection of the evidence in reaching a verdict in this case.

If your recollection of the evidence differs from that of the attorneys, you are in remembering and recalling the evidence to be guided exclusively by what your recollection of the evidence is, and not that of the attorney or anybody else. It is your job to do that.

Now, if you are going to ask me something off of this paper I need you to go back in there and write it back down again.

A. Standard of Review

The standard of review for this case is well-established:

[t]he issue is whether the trial court exercised its discretion as required by N.C.G.S. § 15A-1233(a). The statute's requirement that the trial court exercise its discretion is a codification of the long-standing common law rule that the decision whether to grant or refuse a request by the jury for a restatement of the evidence lies within the discretion of the trial court. It is within the court's discretion to determine whether, under the facts of a particular case, the transcript should be available for reexamination and rehearing by the jury.

*State v. Barrow*, 350 N.C. 640, 646, 517 S.E.2d 374, 378 (1999) (citations omitted). "A trial court's ruling in response to a request by the jury to review testimony or other evidence is a discretionary decision, ordinarily reviewable only for an abuse thereof." *State v. Perez*, 135 N.C. App. 543, 554, 522 S.E.2d 102, 110 (1999) (citations omitted), *appeal dismissed and disc. review denied*, 351 N.C. 366, 543 S.E.2d 140 (2000).

When a motion addressed to the discretion of the trial court is denied upon the ground that the trial court has no power to grant the motion in its discretion, the ruling is reviewable. In addition, there is error when the trial court refuses to exercise its discretion in the erroneous belief that it has no discretion as to the question presented. Where the error is prejudicial, the defendant is entitled to have his motion reconsidered and passed upon as a discretionary matter.

*Barrow* at 646, 517 S.E.2d at 378 (citations and quotation marks omitted). "It is only prejudicial error to deny the jury an opportunity to ask to review certain testimony or evidence where the defendant can show that (1) such testimony or evidence involved issues of some confusion and contradiction, and (2) it is likely that a jury would want

to review such testimony." *State v. Johnson*, 164 N.C. App. 1, 20, 595 S.E.2d 176, 187 (citation and quotation marks omitted), *appeal dismissed and disc. review denied*, 359 N.C. 194, 607 S.E.2d 658-59 (2004), *cert. dismissed*, 651 S.E.2d 369 (N.C. 2007). Thus, in summary, we must consider if the trial court failed to exercise its discretion. *See Barrow* at 646, 517 S.E.2d at 378. If the trial court did indeed fail to exercise its discretion, this would constitute error, and we must then consider whether this error was prejudicial. *See id.*

B. Controlling Statute

N.C. Gen. Stat. § 15A-1233(a) reads,

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

N.C. Gen. Stat. § 15A-1233(a) (2005).

C. Discretion Exercised

The North Carolina Supreme Court and this Court have in several cases concluded that the trial court properly exercised its discretion in denying the jury's request for a transcript or for testimony to be read back to them even though the trial court did not explicitly use the specific language of "in my discretion" or the like. *See infra* at II, C. Furthermore, "[o]ur Supreme Court has held that in instructing the jury to rely upon their individual recollections to arrive at a verdict, the trial court exercised its discretion and complied with the requirements of N.C.G.S. § 15A-1233(a)." *State v. McVay*, 174 N.C. App. 335, 341, 620 S.E.2d 883, 888 (2005) (quotations and brackets omitted) (citing *State v. Corbett*, 339 N.C. 313, 338, 451 S.E.2d 252, 265 (1994); *State v. Harden*, 344 N.C. 542, 563, 476 S.E.2d 658, 669 (1996)) (quotations and brackets omitted). However, because the cases addressing the issue of the trial court's exercise of its discretion to permit the jury to review testimony normally turn upon content and context of the jury's request and the specific language used by the trial court, we must examine the jury's request and the statements of the trial court in prior cases below in detail.

In *State v. Lawrence,*

the jury sent a note to the trial judge requesting the transcript of prosecution witness Gwen Morrison's testimony. The trial court instructed the jury that its duty was to recall the evidence as it was presented and thereby denied the request.

. . . .

Here, the trial court instructed the jury, without objection from the parties, as follows:

[']As to the second question, members of the jury, it is your duty to recall the evidence as the evidence was presented. So you may retire and resume your deliberation.[']

From these instructions, we are convinced that the trial judge did not impermissibly deny the request based solely on the unavailability of the transcript. Instead, the trial judge plainly exercised his discretion in denying the jury's request.

352 N.C. 1, 26-28, 530 S.E.2d 807, 823-24 (2000) (citations omitted).

In *State v. Guevara,*

[a]t trial, while the jury was deliberating, the trial court received a paper writing from the jury inquiring about three items: two exhibits . . . and a reference to 'Medlin's testimony.' The parties and the trial court discussed the meaning of the jury's request, and the trial court then decided that as to 'Medlin's testimony,' the jury was referring to a transcript of Lieutenant Medlin's testimony. The trial court stated in this regard, 'Well, you know, frequently that's done. All of us know that.' . . . The jurors were then returned to the courtroom, where . . . [t]he trial court then stated, 'We do not have prepared transcripts of the testimony of each witness. It is the duty of the jury to recall the testimony of the witness as it was presented during the trial of the case.' . . .

. . . .

In the case *sub judice,* the fact that the trial court considered the jury's request and acknowledged that it had the authority to provide the jury with Lieutenant Medlin's testimony is indicated by the trial court's comment that 'frequently that's done.' The trial court did not say or indicate that it could not make the transcript or review of the testimony available to the jury. The record

therefore reflects that the trial court considered, but in its discretion denied, the jury's request in compliance with the statute.

349 N.C. 243, 251-53, 506 S.E.2d 711, 717-18 (1998), *cert. denied*, 526 U.S. 1133, 143 L. Ed. 2d 1013 (1999).

In *State v. Harden,*

the trial court was aware that it had discretion to produce the transcript, and the record shows that the trial court exercised its discretion when deciding not to honor the jury's request. The trial court was also aware that both doctors and defendant had testified at great length; the doctors' testimony covered over 180 pages of transcript and defendant's another 155 pages. In light of this evidence, it is clear that the trial court had decided that justice would be better served if the jury deliberations were not delayed to produce the requested transcripts. Moreover, the trial court's instruction that the jurors rely upon their individual and collective memory of the testimony is indicative of further exercise of its discretion.

344 N.C. 542, 563, 476 S.E.2d 658, 669 (1996) (citation omitted), *cert. denied*, 520 U.S. 1147, 137 L. Ed. 2d 483 (1997).

In *State v. Corbett,*

[d]uring deliberations, the jury indicated it had a question and was returned to the courtroom. The following occurred:

[']JURY FOREMAN: We, the jury, would like to know if we could look over some of the evidence so we can clarify our decision.

THE COURT: What evidence is it you want to see?

JURY FOREMAN: It's several things, it's not all been in one particular thing.

THE COURT: I can't help you until you tell me what it is.

JURY FOREMAN: It's not necessarily the pictures. I guess one at a time we can say. Each person is disagreeing on some things. Can we see a transcript?

THE COURT: I see what you're saying. All right, have a seat. It is the request for a transcript of the testimony of the witnesses I would deny that to you. The reason being is unless we had a

transcript of the witnesses for you to read, it wouldn't be fair to, say, take part of the state's witnesses and part of the defense witnesses and not give it all to you, and all of you, all 12 of you together, have heard all of the evidence in this case. As I stated to you, your job is to weed through this evidence, assign weight to it and also to determine from your joint and collective recollections of the evidence, determine what the facts are. You deliberate with a view to reaching a verdict if it can be done without the surrender of an honest conviction, and that's what we're asking you to do, as best you can, to remember all the evidence and from that evidence determine what the facts are and render a verdict based upon your deliberations and the law as I have given it to you. I will not give you a transcript of any one witness, and I don't have the wherewithal or the facilities to give you a transcript of this entire trial. Now, do you have a question?[']

The jury's request was, at best, ambiguous. At no point did the jury foreman specify what clarifications they desired, what questions they had, or which pieces of evidence they wished to review. When the foreman finally asked to review the transcript in general, the court explained it would not be fair to give the jury only portions of the testimony taken out of context of the whole trial. In instructing the jury to rely upon their individual recollections to arrive at a verdict, the trial court exercised its discretion and complied with the requirements of N.C.G.S. § 15A-1233(a).

339 N.C. 313, 337-38, 451 S.E.2d 252, 265 (1994) (citations and ellipses omitted).

In *State v. Lee*,

the record shows that in denying the jury's request, the judge made the following statement:

[']For you to have that and not have a copy of all of the testimony might cause something to be taken out of context or unduly —place undue emphasis on this. It is your duty to use your own recollection and recall the evidence as you heard it from the witness stand.[']

In response to defense counsel's request that the testimony be provided to the jury, the judge continued:

'It is not in a form where it can be readily copied without a great deal of time, and as I said the Court has determined that it might unduly emphasize that testimony to the exclusion of other

testimony and it's the duty of the jury to consider and recall all of the testimony they heard.[']

It is clear from this record that the trial court was aware of its authority to exercise its discretion and allow the jury to review the expert's testimony. It is also clear that the court's decision was made in an effort to conserve time and to ensure that all evidence received equal consideration.

335 N.C. 244, 290, 439 S.E.2d 547, 571 (ellipses and brackets omitted), *cert. denied*, 513 U.S. 891, 130 L. Ed. 2d 162 (1994).

In *McVay*,

the record clearly shows the trial court reasonably exercised its discretion in denying the jury's request. With all of the jurors in the courtroom, the court stated:

[']I am sorry but I am not going to grant your request. The jury has the responsibility of recalling all the evidence. To begin rehearing parts of the evidence by means of providing you with a written transcript would tend to emphasize certain portions of the evidence without giving equal publication to the other evidence in the case.

For that reason, it would be best not to let portions of the evidence be repeated without having it all repeated because all of the evidence is important.[']

The trial court was clearly concerned that by allowing the jury to review the testimony of only one of the many witnesses heard at the trial the jury might overemphasize the testimony of Deputy Watson and not properly consider the totality of the evidence before them. . . . The trial court property [sic] exercised its discretion in denying the jury's request to review Deputy Watson's testimony and the denial was not an abuse of the trial court's discretion.

*McVay* at 340-41, 620 S.E.2d at 886-87.

In *State v. Hines*,

[a]t the time he requested a jury room view of the exhibits, the jury foreman also requested that the jury be allowed to hear again the testimony of the attorney defendant indicated he had contacted regarding incorporation of the business venture. The court cited problems with extracting portions of evi-

dence rather than reviewing it in its entirety, and refused the request on the basis that 'it might result in error.' It asked the members of the jury instead 'to rely upon their collective recollection of the evidence.' . . .

[T]he court's statement clearly indicates that it was denying the request in the exercise of its discretion.

54 N.C. App. 529, 537, 284 S.E.2d 164, 169 (1981) (citation and brackets omitted). In each of the above cases, where the trial court admonished the jury to rely upon their own recollections, it was determined that the trial court had exercised its discretion. *See supra* at II, C. The statements by the trial courts above also indicated that although the court had the ability to provide a transcript or to have testimony read to the jury, the trial court decided for various other valid reasons to deny the jury's request, thereby properly exercising its discretion. *See id.*

D. Failure to Exercise Discretion Held Prejudicial

The North Carolina Supreme Court and this Court in several cases have held that even though the trial court "instruct[ed] the jury to rely upon their individual recollections to arrive at a verdict[,]" *McVay* at 341, 620 S.E.2d at 888 (citations omitted), the trial court had failed to exercise its discretion to grant the jury's request, and therefore erred, because of the other language accompanying the instruction "to rely upon their individual recollections[.]" *Id., see infra* at II, D and E. In some of the cases which conclude that the trial court did not exercise its discretion, the error was deemed to be prejudicial, while in others the error was not prejudicial. *See infra* at II, D and E.

Several cases have found prejudicial error from the trial court's failure to exercise its discretion. *See infra* at II, D.

In *State v. Johnson*, this Court held

that the trial court's response to the jury's request in this case must be interpreted as a statement that the trial court believed it did not have discretion to consider the request. First, the precise words chosen by the trial court strongly indicate that it did not believe it had the discretion to grant the jurors' request. The trial court told the jury, 'I'll need to instruct you that we will not be able to replay or review the testimony for you.' Among other things, a 'need' is defined as 'a requirement, necessary duty, or obligation,' a 'necessity arising from existing circumstances.'

'Able' is defined as 'having the necessary power, skill, resources, or qualifications to do something.' Taken together, the trial court's denial, in these words as defined, can be rephrased as, 'I am required to instruct you that we do not have the power or qualifications to review the testimony for you.' Examined in this light, the trial court's words clearly indicate it did not exercise discretion in denying the request. Second, the context of the trial court's denial indicates it did not believe it had discretion to grant the request. The trial court first tells the jury that it 'will not be able to replay or review the testimony.' The trial court then immediately goes on to tell the jury that it 'can review further instructions.' This juxtaposition of determinations—what it cannot do set off against what it can do—is telling. Combined with the subsequent admonishment that it is the jurors' 'duty to consider the evidence as they recall it,' the trial court's comments are indicative of its understanding that it was not empowered to let the jurors review the testimony at issue.

. . . In the present case, no . . . reason is given for the denial except the erroneous statement that the trial court is not able to let the jury review the testimony.

. . . .

Having determined that the trial court erred in not exercising its discretion in determining whether to permit the jury to review some of the testimony, we now consider whether these errors were so prejudicial as to entitle defendant to a new trial. We conclude they were. The evidence requested for review by the jury in this case was clearly material to the determination of defendant's guilt or innocence. The testimonies of both J, the victim, and her Aunt Barbara were central to this case, and both testimonies involved issues of some confusion and contradiction. The medical evidence was inconclusive as to whether J had been raped, and there was no medical proof linking the defendant to the alleged crimes. Further, there were no eyewitnesses to the alleged crimes and no witnesses who heard or saw anything unusual. Thus, J's testimony was crucial because it was the only evidence directly linking defendant to the alleged crimes. As such, J's credibility was the key to the case. J's testimony was likely difficult for the jury to follow or assess due to its often confusing and self-contradictory nature. Barbara's testimony was also important because she was the first person J told about the

alleged incident, and she also had information about the incident with J's cousin Jerome, about which J and Tiffany testified. Thus, whether the jury fully understood the witnesses' testimony was material to the determination of defendant's guilt or innocence. Defendant was at least entitled to have the jury's request resolved as a discretionary matter, and it was prejudicial error for the trial judge to refuse to do so.

346 N.C. 119, 124-26, 484 S.E.2d 372, 376 (1997) (citations, quotation marks, brackets, and parenthesis omitted).

In *State v. Lang,* this Court held

that the trial judge's refusal on the grounds that he did not have the authority, in his discretion, to grant the jury's request was prejudicial error entitling defendant to a new trial.

. . . .

We find that the trial court's response to the jury's request in this case must be interpreted as a statement that the court believed it did not have discretion to consider the request. In answer to the jury's question whether the transcript of Ms. Rena James was available to be read to them, the trial judge replied:

'No sir, the transcript is not available to the jury. The lady who takes it down, of course, is just another individual like you 12 people. And what she hears may or may not be what you hear, and 12 of you people are expected, through your ability to hear and understand and to recall evidence, to establish what the testimony was. No, I hope you understand. She takes it down and the record, after she submits it to the various individuals, if it needs to be submitted is gone over and then they themselves can object to what she had in the record as not being what the witness says, and so on and so forth. For that reason I do not allow records to even be read back to the jury, because she may not have heard it exactly as the witness said it, and you people might have heard it differently; so for that reason you are required to recall the witness' testimony as you've heard it.'

We hold that Judge Grist's comment to the jury that the transcript was not available to them was an indication that he did not exercise his discretion to decide whether the transcript should have been available under the facts of this case. The denial of the jury's request as a matter of law was error.

We further find the trial court's error prejudicial to defendant in this action. . . . [T]he requested evidence was testimony which, if believed, would have established an alibi for defendant. Ms. James' statements were in direct conflict with the evidence presented by the State. Thus, whether the jury fully understood the alibi witness' testimony was material to the determination of defendant's guilt or innocence. Defendant was at least entitled to have the jury's request resolved as a discretionary matter, and it was prejudicial error for the trial judge to refuse to do so.

301 N.C. 508, 510-11, 272 S.E.2d 123, 125 (1980).

In *State v. Thompkins*, the Court stated that,

In the present case, after the jury had retired for deliberations, they returned to the courtroom, and the foreman requested to rehear the testimony of Karon Maier and the sheriff's deputy. The trial judge responded as follows:

[']All right, sir. Let me advise you that—undoubtedly, this request is based upon your observation of the Court Reporter taking down everything that has been said. A transcript has not been prepared. The Court Reporter is making the recordation for appellate review purposes, and it would take a considerable period of time to type that up. Her notes are in a coded form of shorthand, so it is not possible to arrange that.

In addition to that, the law will not permit me to bring witnesses back to the stand at this stage and have them repeat as closely as they can what has been stated before. So unfortunately, your only recourse is to recall, as best you can, the testimony as it was presented in open court.

I'm sorry that there is no way I can accommodate that request.[']

This response . . . indicates that the trial judge did not exercise his discretion in denying the jury's request to rehear testimony, but denied the request because he felt that he could not grant it. The trial court's failure to exercise its discretion constitutes reversible error. The jury requested a review of the testimony of Karon Maier, the only witness to identify defendant as the perpetrator. Whether the jury fully understood her testimony was material to the determination of defendant's guilt or innocence. Therefore, defendant is entitled to a new trial.

83 N.C. App. 42, 45-46, 348 S.E.2d 605, 607 (1986) (citation omitted). In each of the above cases *see supra* at II, D, the trial court's statements indicated its belief "that it was not empowered to let the jurors review the testimony at issue[,]" and therefore the trial court failed to exercise its discretion. 346 N.C. at 125, 484 S.E.2d at 376.

E. Failure to Exercise Discretion Held Non-prejudicial

In several cases, our Courts have found that the trial court failed to exercise its discretion, but that the error was non-prejudicial. *See infra* at II, E.

In *State v. Ford*, the Court noted that

[i]t appears from the record that after deliberating for several hours, the jury returned to the courtroom whereupon the following exchange took place:

[']COURT: All right, ladies and gentlemen, I understand you have a question.

FOREMAN: Your Honor, we would like answered—we can't remember which time did each man, Barbee and Ford, sign his rights and on what date was this, and what time did the detectives go out and pick up each man?

COURT: Members of the jury, I'm sorry but we're not allowed to go back in and review the evidence once the case is completed. It is your duty, of course, as best you can to recall all of the evidence that was presented, and I'm sorry, but we really can't help you with that particular matter.[']

. . . .

In [the] instant case, it appears that the trial judge erroneously believed that he was not permitted to review the evidence after the jury had begun its deliberation. We must, therefore, determine whether defendant has been prejudiced by the trial court's ruling which was apparently based on a misapprehension of the law.

. . . .

. . . The requested evidence was, for the most part, conflicting, inconclusive, or not in the record. We note that the trial judge correctly instructed the jury that it was their duty 'as best you can to recall all of the evidence that was presented.' It would have

been difficult, if not impossible, for the trial judge to review this evidence in a comprehensible manner. Here, any attempt to review such evidence would likely have raised more questions than it would have answered. Thus, defendant has failed to show prejudice resulting from the trial judge's ruling.

297 N.C. 28, 30-31, 252 S.E.2d 717, 718-19 (1979) (ellipses omitted).

In *State v. Johnson,*

the trial court made the following comments to the jury after it was empaneled, but prior to opening arguments:

[']I'm going to impose upon you in just a moment one of the most important things you are going to find when I charge you as to the law in this case. I'm going to tell you that it is your duty to remember the evidence. There is no transcript to bring back there. She might get one typed in a month. You see what I mean, we don't have the fancy equipment that you might see on TV. I don't even think its out there, but if it was, I can assure you the State of North Carolina won't spend the money for it. I don't mind putting that in the record because higher Judges agree with me on that. So, we don't have anything that can bring it back there to you. So, listen carefully, pay close attention. You are the triers of fact and it is up to you collectively, the twelve of you to go back there to remember the evidence and that is why we have twelve. Surely one of you can remember the evidence on everything that come[s] in.[']

. . . .

. . . [W]e find a failure to exercise discretion in this case where the trial court stated, 'we don't have anything that can bring it back there to you.'

. . . .

[However,] [d]efendant argues no circumstances indicating there was any testimony or evidence in this case involving issues of some confusion and contradiction that would make it likely that the jury would have wanted to review it. Thus, we find no prejudicial error resulting from the trial court's pretrial comments in this case.

164 N.C. App. at 19-20, 595 S.E.2d at 186-87.

Thus, in each of the above cases, the trial court indicated its belief that it was not possible to permit the jury to review the evi-

dence as it had requested, and thereby failed to exercise its discretion. *See supra* at II, E. However, the errors were not prejudicial because the defendants failed to demonstrate that the evidence requested "involved issues of some confusion and contradiction, and [that] it is likely that a jury would want to review such testimony." *Johnson*, 164 N.C. App. at 20, 595 S.E.2d at 187 (citation and quotation marks omitted).

## F. Analysis

In the present case, although the trial court instructed the jury to rely upon their recollections, *see McVay* at 341, 620 S.E.2d at 887, it also plainly stated to them beforehand that "the State of North Carolina, with our court reporting equipment, we don't have the technology to give you transcripts from the trial. We are not prepared to do that." Furthermore, outside of the presence of the jury while discussing the issue with the attorneys, the State's counsel responded to being informed of the jury's request by stating "Judge, I've never heard of that happening."[2] The trial court did not respond directly to the State's statement that "I've never heard of that happening?", but instead asked defense counsel if he had "[a]ny comments?". Defense counsel asked, "Can we comply in any way, sir?" to which the Court responded "No, because we don't have real-time transcripts. I'm assuming that's correct, isn't it, Madam Court Reporter?" The court reporter agreed that it was correct. The trial court then stated, "So my inclination is to call them back in and tell them that we do not have such a thing, we don't have the technology to provide that, and tell them that they need to rely on their recollection in their deliberations as they work towards their verdict." Defense counsel persisted in his request, asking "Well how long would it take to prepare [a transcript]?" to which the Court responded, "We don't do that in North Carolina. We do not do that."

Considering the colloquy of counsel and the trial court regarding the request as well as the trial court's ruling upon the question, it appears that the trial court considered providing a transcript to the jury to be an impossibility, something that is simply not done in North Carolina. While we fully recognize the difficulty in providing a transcript quickly, there is also no indication that the trial court considered the possibility of having the court reporter read the testimony to the jury, which was actually what the jury requested. *See* N.C. Gen. Stat. § 15A-1233(a) ("If the jury after retiring for deliberation requests

---

2. It would appear to us that in actuality a request by the jury of this nature happens with some frequency, based upon the number of cases addressing this issue.

a review of certain testimony or other evidence, . . . . [t]he judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury . . . .") Our Supreme Court pointed out in *State v. Ashe* that

> [t]he existence of a transcript is, of course, not a prerequisite to permitting review of testimony. The usual method of reviewing testimony before a transcript has been prepared is to let the court reporter read to the jury his or her notes under the supervision of the trial court and in the presence of all parties.

*Ashe* at 35, n.6, 331 S.E.2d at 657, n.6.

We therefore conclude that the instruction, read as a whole, is more apposite to cases in which our courts have concluded that although the trial court admonished the jury to rely upon their recollections, the trial court did not exercise its discretion because of accompanying language which indicated the trial court "did not believe it had the discretion to grant the request." *Johnson*, 346 N.C. at 124, 484 S.E.2d at 375-77; *see, e.g., Lang* at 510-11, 272 S.E.2d at 125; *Ford* at 30-31, 252 S.E.2d at 718-19; *Johnson*, 164 N.C. App. at 20, 595 S.E.2d at 186-87; *Thompkins* at 44-46, 348 S.E.2d at 607. Having determined that the trial court failed to exercise its discretion in denying the jury's request, we now must determine whether the trial court's failure to exercise its discretion resulted in prejudice to defendant. *See Barrow* at 646, 517 S.E.2d at 378; *Johnson*, 164 N.C. App. at 18-20, 595 S.E.2d at 186-87.

As noted above, "[i]t is only prejudicial error to deny the jury an opportunity to ask to review certain testimony or evidence where the defendant can show that (1) such testimony or evidence involved issues of some confusion and contradiction, and (2) it is likely that a jury would want to review such testimony." *Johnson*, 164 N.C. App. at 20, 595 S.E.2d at 187 (citation and quotation marks omitted). We conclude that the case before us is controlled by those cases which found prejudice, as the jury requested the transcripts of the testimony of the victim and defendant. The requested evidence places this cases more in line with those cases where material evidence was requested, rather than cases where the evidence requested was not determinative of guilt or innocence. *See, e.g., Johnson*, 346 N.C. at 124-26, 484 S.E.2d at 377; *Lang* at 510-12, 272 S.E.2d at 125; *Thompkins* at 44-46, 348 S.E.2d at 607, *but see Ford* at 30-31, 252 S.E.2d at 719. Certainly the testimony of the victim and defendant was "contradicti[ng,]" *Johnson*, 164 N.C. App. 18-20, 595 S.E.2d at 187, as Claire testified she

was raped and that defendant committed other sexual offenses against her, while defendant testified he had never touched her inappropriately. Despite the fact that defendant had made a confession, at trial he recanted this confession, testified, and denied that he committed any offense against Claire. Furthermore, such contradictory testimony would likely lead the jury to want to review it. *See id.* It is most unfortunate that Claire must face the painful task of testifying at another trial, but as we have concluded that there was prejudicial error, defendant must be granted a new trial.

### III. Conclusion

As the trial court prejudicially erred in not exercising its discretion in denying the jury's request for the victim's and defendant's transcripts, we order defendant be granted a new trial. As we are granting defendant's request for a new trial, and the other issues he has raised may not be repeated in a new trial, we will not address his other assignments of error.

NEW TRIAL.

Judges CALABRIA and STEELMAN concur.