IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-288

Filed: 4 February 2020

Cabarrus County, No. 17 CRS 052061-63, 18 CRS 000550

STATE OF NORTH CAROLINA,

v.

BRANDON SCOTT GOINS, Defendant.

Appeal by Defendant from judgments entered 21 September 2018 by Judge Christopher W. Bragg in Cabarrus County Superior Court. Heard in the Court of Appeals 5 December 2019.

*Attorney General Joshua H. Stein, by Assistant Attorney General Catherine F. Jordan, for the State.*

*Joseph P. Lattimore for defendant-appellant.*

MURPHY, Judge.

Criminal defendants have an absolute constitutional right to plead not guilty and be tried by a jury of their peers. U.S. Const. amend. VI; N.C. Const. art. I, § 24. Our caselaw is unequivocal that the right to enter a plea of not guilty encompasses the right to be free from condemnation in front of a jury for making that choice. A defendant's right to a fair trial is abridged by a prosecutor's complaints before a jury during closing argument about the defendant's decision to plead not guilty, and that is exactly what happened here. During her closing argument the prosecutor

condemned Defendant, Brandon Scott Goins, for pleading not guilty and in doing so violated Defendant's right to receive a fair trial. We order a new trial.

## BACKGROUND

This appeal concerns a violation of Defendant's constitutional right to receive a fair trial. More specifically, our resolution of the appeal is exclusively focused on the prosecutor's closing argument, wherein the alleged violation occurred. Defendant was convicted by a jury of two counts of assault with a deadly weapon on a law enforcement officer, one count of possession of a firearm by a felon, and one count of attempted first-degree murder, and sentenced to consecutive presumptive prison terms of 33 to 52 months, 17 to 30 months, 207 to 261 months, and 33 to 52 months. As our analysis is solely focused on the content of the prosecutor's closing argument, we include the relevant facts in our analysis.

## ANALYSIS

### A. Closing Argument

"The standard of review when a defendant fails to object at trial [to an allegedly improper closing argument] is whether the argument complained of was so grossly improper that the trial court erred in failing to intervene *ex mero motu*." *State v. Trull*, 349 N.C. 428, 451, 509 S.E.2d 178, 193 (1998). "To merit a new trial, 'the prosecutor's remarks must have perverted or contaminated the trial such that they rendered the proceedings fundamentally unfair.'" *State v. Phillips*, 365 N.C. 103, 136,

711 S.E.2d 122, 146 (2011) (quoting *State v. Mann*, 355 N.C. 294, 307-08, 560 S.E.2d 776, 785 (2002)).

## 1. Defendant's Decision to Plead Not Guilty

"[A] criminal defendant possesses an *absolute* constitutional right to plead not guilty and be tried before a jury, and should not and [can] not be punished for exercising that right." *State v. Thompson*, 118 N.C. App. 33, 41, 454 S.E.2d 271, 276 (1995) (emphasis in original) (internal quotation marks omitted). "[T]here are no special circumstances that would justify use of a constitutional privilege to discredit or convict a person who asserts it. The value of constitutional privileges is largely destroyed if persons can be penalized for relying on them." *State v. Ladd*, 308 N.C. 272, 284, 302 S.E.2d 164, 172 (1983) (internal quotation marks omitted). Accordingly, "[r]eference by the State to a defendant's failure to plead guilty violates his constitutional right to a jury trial." *State v. Larry*, 345 N.C. 497, 524, 481 S.E.2d 907, 923 (1997). Here, we are presented with a closing argument that rendered the proceedings fundamentally unfair and requires a new trial.

During closing argument, the State repeatedly brought up Defendant's failure to plead guilty: "Might ask why would [Defendant] plead not guilty? I contend to you that the defendant is just continuing to do what he's done all along, refuse to take responsibility for any of his actions. That's what he does. He believes the rules do not apply to him." Later, the State returned to Defendant's plea, stating,

"[Defendant's] not taking responsibility today. There's nothing magical about a not guilty plea to attempted murder. He's got to admit to all the other charges. You see them all on video. The only thing that's not on video is what's in his head. He also knows that those other charges carry less time. There's the magic."

"No other right of the individual has been so zealously guarded over the years and so deeply embedded in our system of jurisprudence as an accused's right to a jury trial." *State v. Boone*, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). "[P]rosecutorial argument complaining a criminal defendant has failed to plead guilty and thereby put the State to its burden of proof is no less impermissible than an argument commenting upon a defendant's failure to testify." *Thompson*, 118 N.C. App. at 41, 454 S.E.2d at 276. Here, the prosecutor's closing argument complaining about Defendant's decision to plead not guilty violates Defendant's right to receive a fair trial and necessitates a new trial.

**2. Argument Regarding a Previous Appellate Decision**

In addition to the argument regarding Defendant's decision to plead not guilty, the prosecutor's closing argument was impermissible for a second reason. "It is not permissible argument for counsel to read, or otherwise state, the facts of another case, together with the decision therein, as premises leading to the conclusion that the jury should return a verdict favorable to his [side] in the case on trial." *State v. Simmons*, 205 N.C. App. 509, 514, 698 S.E.2d 95, 100 (2010). Such impropriety is only grounds

for a new trial where the prosecutor's use of the other case is prejudicial, i.e. where "the prosecutor's improper argument led the jury to believe that it *was compelled* to return a verdict of guilty in [the immediate] case . . . ." *Id.* at 517, 698 S.E.2d at 102.

Here, the prosecutor acted impermissibly when she stated: "I told you I was going to mention a North Carolina Court of Appeals case, it's State versus Haynesworth . . . ." After describing the facts of *Haynesworth* and the trial court's finding that, there, the defendant acted with premeditation and deliberation, the prosecutor offered, "I raise that [case] because I contend [it] is much weaker than ours." We need not decide whether this part of the prosecutor's closing argument was prejudicial such that it requires a new trial—our Constitution requires a new trial solely based on the prosecutor's argument regarding Defendant's not guilty plea—but we take this opportunity to unequivocally restate that such an argument has no place in a closing argument. The prosecutor's decision to flaunt this well-settled rule was improper.

## B. Defendant's Other Arguments

In addition to his argument regarding the State's closing argument, Defendant asserts two arguments we need not address on appeal. First, he argues the trial court committed plain error by failing to instruct the jury on the lesser-included offense of attempted voluntary manslaughter, and, second, he argues the trial court committed plain error by permitting Lieutenant Smith to comment on Defendant's guilt or

innocence and interpret video footage to corroborate witness testimony. Because our analysis of Defendant's other argument requires a new trial, we need not reach these arguments. *See, e.g.*, *State v. Long*, 196 N.C. App. 22, 41, 674 S.E.2d 696, 707 (2009) ("As we are granting defendant's request for a new trial, and the other issues he has raised may not be repeated in a new trial, we will not address his other [arguments on appeal].").

## **CONCLUSION**

The prosecutor in this case violated Defendant's constitutional right to receive a fair trial when she improperly commented on his decision to plead not guilty.

NEW TRIAL.

Judge YOUNG concurs; Judge TYSON dissents.

TYSON, Judge, dissenting.

The majority's opinion grants Defendant a new trial based upon unobjected to statements in the prosecutor's closing argument. Without objection, Defendant could not have presented any constitutional argument to the trial court that his right to a fair trial was violated. Defendant's failure to assert this argument waives that argument on appeal. N.C. R. App. P. 10(b)(1).

Any review of the prosecutor's closing argument is limited to N.C. Gen. Stat. § 15A-1230 (2019). Defendant has not shown prejudicial error in the jury's verdict or the judgment entered thereon to be awarded a new trial. I respectfully dissent.

## I. Background

Brandon Scott Goins ("Defendant") was placed on probation for felonious trafficking in opium or heroin and absconded supervision. Law enforcement officers learned Defendant was staying at a Kannapolis hotel. Kannapolis Police Detective Trey Hinton and other officers travelled to the hotel to arrest Defendant. Defendant was armed and engaged in a shoot-out with Detective Hinton, who fired his service weapon between twelve to fourteen times. Thirteen shell casings were recovered from the hotel's hallway.

The State's evidence tended to show Defendant fired his gun four times during the encounter. Defendant was injured during the shoot-out and subsequently apprehended. At trial during Detective Hinton's testimony, the State played a video of the incident recorded by the hotel's security system for the jury. The State also

offered the testimony of Lieutenant Justin Smith who narrated the hotel video before the jury.

The State presented other evidence tending to show that shortly before the day of the shooting, Defendant had shown his grandmother and uncle a gun, had purchased ammunition for the gun and told them that the bullets would penetrate a bullet proof vest. The State also introduced testimony that Defendant told his uncle that the gun had "cop-killer" bullets.

Defendant was convicted by a jury of two counts of assault with a deadly weapon on a law enforcement officer, one count of possession of a firearm by a felon, and one count of attempted first-degree murder. Defendant appealed.

## II. Jurisdiction

This Court possess jurisdiction over Defendant's appeal as a matter of right pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2019).

## III. Issues

Defendant argues the trial court committed plain error by (1) permitting Lieutenant Smith to comment on Defendant's purported guilt or innocence and to interpret video footage to corroborate witness testimony and (2) failing to instruct the jury on the lesser-included offense of attempted voluntary manslaughter. Defendant also argues the prosecutor's closing argument to the jury was improper.

## IV. Standard of Review

*TYSON, J., dissenting.*

The Supreme Court of North Carolina has prohibited appellate review of and dismissed unpreserved or waived issues, but allowed limited "review [of] unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996); N.C. R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008).

If the defendant has failed to object to the challenged evidence or instructions, any appellate review is limited to plain error. *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993). A defendant must specifically and distinctly argue for plain error review. *Id.*

## V. Analysis

## A. Narration

Defendant argues Lieutenant Smith did not observe any of the incidents in the hotel's hallway and the trial court committed reversible error by allowing him to "narrate" the tapes and state what the tapes showed. In *State v. Buie*, this Court held it was error for the trial court to allow the police detective's testimony about the depiction of two poor quality surveillance videos. *State v. Buie*, 194 N.C. App. 725,

732, 671 S.E.2d 351, 355 (2009). "Rather than identifying a type of wound in a still photograph, Detective Welborn offered his opinion, at length, about the events depicted in the surveillance tapes, concluding that the video corroborated the female's testimony. . . . The testimony offered by Detective Welborn was not a shorthand statement of facts, but rather an inadmissible lay opinion testimony that invaded the province of the jury." *Id.*

However, in *Buie*, the Court also held the error was not prejudicial to warrant a new trial, given the amount of other overwhelming evidence of that defendant's guilt offered to the jury. *Id.*

Here, Defendant failed to object to Lieutenant Smith's testimony. Under limited plain error review and considering the overwhelming evidence of Defendant's guilt, Defendant cannot show prejudice to be awarded a new trial on this issue. *See id.*

### B. Lesser-Included Offenses

Defendant argues the trial court committed plain error by failing to instruct the jury on the lesser-included offense of attempted voluntary manslaughter. Defendant did not request an instruction on any lesser-included offense and Defendant did not object to the proposed instructions at the charge conference. Defendant "failed to object to the challenged instruction at trial, and thus, any error

must be reviewed under the plain error rule." *Jordan*, 333 N.C. at 440, 426 S.E.2d at 697.

To support an instruction on attempted voluntary manslaughter, there must be some evidence to support that Defendant acted in the heat of passion and without malice. Defendant cites *State v. McConnaughy*, 66 N.C. App. 92, 95, 311 S.E.2d 26, 29 (1984), for the proposition that "[a]n actual threatened assault on the defendant constitutes sufficient provocation to induce the heated state necessary" to reduce the offense. Defendant argues the video shows so much smoke that it is possible Detective Hinton fired first at Defendant.

"[A] defendant is not entitled to an instruction on a lesser included merely because the jury could possible believe some of the State's evidence, but not all of it." *State v. Annadale,* 329 N.C. 557, 568, 406 S.E.2d 837, 844 (1991). Defendant was not entitled to an instruction on the lesser-included offense of attempted voluntary manslaughter.

The State presented more than sufficient evidence that Defendant shot first at Officer Hinton and had claimed his gun was loaded with "cop killer" bullets to penetrate a bullet-proof vest. No evidence was presented of any heat of passion to negate malice, premeditation and deliberation. Further, Defendant has not and cannot show that any purported error was prejudicial under plain error review to warrant a new trial. Defendant's arguments are waived and properly dismissed.

## C. Closing Arguments

### 1. *Waiver of Constitutional Challenge*

Rule of Appellate Procedure 10(b)(1) and long-standing and controlling precedents foreclose Defendant from raising constitutional challenges for the first time on appeal. *See, e.g., State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985); *State v. Wilson*, 363 N.C. 478, 484, 681 S.E.2d 325, 330 (2009); *State v. Phillips*, 365 N.C. 103, 135, 711 S.E.2d 122, 145 (2011).

The majority's opinion misstates the conclusion and precedent in *State v. Phillips*. In *Phillips*, as in the present case, the defendant did not preserve a constitutional argument. *Phillips*, 365 N.C. at 135, 711 S.E.2d at 145. Our Supreme Court analyzed the case in regard to a violation of N.C. Gen. Stat. § 15A-1230. *Id.*

The Supreme Court first recognized that since the defendant had not objected to any of the prosecutor's arguments below, then "no constitutional argument could have been presented to the trial court." *Id.* The Court next recognized a defendant's "failure to raise a constitutional issue at trial generally waives that issue for appeal." *Id.* The Court only proceeded to review the purported errors for a violation of N.C. Gen. Stat. § 15A-1230, and not for any purported and unasserted constitutional claim of error. *Id.*

### 2. *Limitations on Argument to the Jury*

N.C. Gen. Stat. § 15A-1230(a) provides that in closing arguments:

>an attorney may not become abusive, inject his personal experiences, express his personal belief as to the truth or falsity of the evidence or as to the guilt or innocence of the defendant, or make arguments on the basis of matters outside the record except for matters concerning which the court may take judicial notice.

This statute binds all trial counsel in criminal trials and compels compliance therewith as officers of the court.

"Generally, 'prosecutors are given wide latitude in the scope of their argument' and may 'argue to the jury the law, the facts in evidence, and all reasonable inferences drawn therefrom.'" *Goss,* 361 N.C. at 626, 651 S.E.2d at 877 (quoting *State v. Alston,* 341 N.C. 198, 239, 461 S.E.2d 687, 709-10 (1995), *cert. denied,* 516 U.S. 1148, 134 L. Ed. 2d 100 (1996)), *cert. denied,* 555 U.S. 835, 172 L. Ed. 2d 58 (2008).

Our Supreme Court has stated, "a criminal defendant has a constitutional right to plead not guilty and be tried by a jury. Reference by the State to a defendant's failure to plead guilty violates his constitutional right to a jury trial." *State v. Larry*, 345 N.C. 497, 524, 481 S.E.2d 907, 923, (internal citations omitted), *cert. denied*, 522 U.S. 917, 139 L. Ed. 2d 234 (1997).

However, contrary to the conclusion of the majority's opinion, presuming this assertion has merit does not either *ipse dixit* or *ipso facto* end the inquiry and analysis, it is merely the beginning. Defendant's failure to object imposes an even greater burden on him to show prejudice to be awarded a new trial in the face of overwhelming evidence of his guilt.

"[W]hen defense counsel fails to object to the prosecutor's improper argument and the trial court fails to intervene, our standard of appellate review requires a two-step analytical inquiry: (1) whether the argument was improper; and, if so, (2) whether the argument was so grossly improper as to impede the defendant's right to a fair trial." *State v. Huey*, 370 N.C. 174, 179, 804 S.E.2d 464, 469 (2017). Only where this Court "finds both an improper argument *and* prejudice will this Court conclude that the error merits appropriate relief." *Id.* (emphasis supplied).

The Supreme Court of the United States held: "it is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181, 91 L. Ed. 2d 144, 157 (1986) (citation and internal quotation marks omitted). The "relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (citation and internal quotation marks omitted).

The prosecutor's complaints about Defendant's demand for a trial are improper and satisfy the first prong of *Huey*. 370 N.C. at 179, 804 S.E.2d at 469. Counsel is admonished for referring to or questioning Defendant's exercise of his right to a trial by jury.

Moving to the second prong, the inquiry is whether the prosecutor's improper statement "impede[s] the defendant's right to a fair trial." *Id.* Only where the defendant demonstrates "prejudice will this Court conclude that the error merits

8

relief." *Id.* Where overwhelming evidence of the defendant's guilt exists, our appellate courts "have not found statements that are improper [in and of themselves] to amount to prejudice and reversible error." *Id.* at 181, 804 S.E.2d at 470.

During her closing argument, the prosecutor recited the evidence presented including Defendant avoiding his probation officer, possessing a gun as a convicted felon, and pulling and firing a gun on Officer Hinton in the hallway of the hotel full of people. She relayed the evidence offered that Defendant set up his shot and fired at Officer Hinton.

The jury had heard testimony that Defendant had acquired "cop-killer" bullets, and viewed a videotape showing him shoot at Officer Hinton. The State presented overwhelming evidence of Defendant's guilt. Defendant cannot show the prosecutor's improper statements overcome this evidence to "amount to prejudice and reversible error." *Id.*

### 3. N.C. Gen. Stat. § 7A-97

Defendant also argues the prosecutor's closing argument violated N.C. Gen. Stat. § 7A-97 (2019). In her closing argument, the prosecutor stated:

> I told you I was going to mention a North Carolina Court of Appeals case, it's State v. Haynesworth, and in that case an officer responded to just a disturbance call. And the suspect was unhappy that he was there, and so he decides he's gonna fight the officer, and then he decides he's gonna go for the officer's gun. So while they're struggling with each other, the defendant puts his hands on the officer's gun and shoots and it hits part of the officer's hand. In that

case, the court found that, when the suspect grabbed the officer's gun, he discharged it and struck the hand with the bullet, that was premeditation and deliberation. I raise that because I contend that case is much weaker than ours.

N.C. Gen. Stat.§ 7A-97 provides "[i]n jury trials the whole case as well of law as of fact may be argued to the jury." This rule

> grants counsel the right to argue the law to the jury which includes the authority to read and comment on reported cases. There are, however, limitations on what portions of these cases counsel may relate. For instance, counsel may . . . not read the facts contained in a published opinion together with the result to imply that the jury in his case should return a favorable verdict for his client.

*State v. Gardner,* 316 N.C. 605, 611, 342 S.E.2d 872, 876 (1986) (citations omitted).

Here, the prosecutor's attempt to analogize the facts along with the holding in *State v. Haynesworth*, 146 N.C. App. 523, 553 S.E.2d 103, (2001), was improper. *See State v. Anthony*, 354 N.C. 372, 430, 555 S.E.2d 557, 594 (2001) (holding the "defendant's attempt to read the facts from *State v. Hamlette,* 302 N.C. 490, 276 S.E.2d 338, along with the holding in that case for the purpose of urging the jury to not find the especially heinous, atrocious, or cruel aggravating circumstance was improper").

However, and as in *State v. Gardner*, presuming the trial court's failure to intervene without any objection from Defendant was error, Defendant "must nevertheless show that this error was prejudicial." *Gardner*, 316 N.C. at 613, 342 S.E.2d at 877.

The statutory test for prejudicial error in matters not affecting asserted and preserved constitutional rights is whether "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443 (2019).

For reasons discussed in the unpreserved issues raised above and given the overwhelming evidence of Defendant's guilt and the prosecutor's other proper arguments, Defendant has failed to show he was so prejudiced to warrant a new trial. *See State v. Degraffenried,* __ N.C. App. __, __, 821 S.E.2d 887, 890 (2018) (holding where the evidence against the defendant was overwhelming, the defendant "failed to show the prosecutor's comments were so prejudicial to render [his] trial fundamentally unfair"), *review dismissed,* __ N.C. __, 830 S.E.2d 835 (2019).

## V. Conclusion

If a defendant or his counsel believes the State's argument is improper, they are obliged to speak and object to preserve the error for appellate review. "When [a] defendant does not object to comments made by the prosecutor during closing arguments, only an extreme impropriety on the part of the prosecutor will compel this Court to hold that the trial judge abused his discretion in not recognizing and correcting *ex mero motu* an argument that defense counsel apparently did not believe was prejudicial when originally spoken." *State v. Richardson*, 342 N.C. 772, 786, 467 S.E.2d 685, 693 (1996).

*TYSON, J., dissenting.*

The State's evidence of Defendant's guilt was overwhelming and unrefuted. Defendant has failed to object and has not shown plain error in the trial court's permitting a witness to narrate the video footage to corroborate another witness' testimony and failing to instruct the jury on the lesser-included offense of attempted voluntary manslaughter.

While the prosecutor's comments to the jury were arguably improper under the statute, Defendant has failed to show the prosecutor's comments were so prejudicial to render Defendant's trial fundamentally unfair to warrant a new trial, or in the alternative, to now assert reversible error in any purported failure of the trial court to intervene on its own in the absence of any objection. *Id.*

Defendant received a fair trial, free from preserved or prejudicial errors. I find no prejudicial error in the jury's verdicts or in the judgment entered thereon to award a new trial. I respectfully dissent.