STATE v. HANIBLE

[94 N.C. App. 204 (1989)]

The order is

Affirmed.

Judges EAGLES and ORR concur.

STATE OF NORTH CAROLINA v. JESSE HANIBLE

No. 885SC1052

(Filed 6 June 1989)

**Criminal Law § 122.1— jury's request to have transcript read—request denied—failure of court to exercise discretion—testimony not critical to determination of guilt**

Even if the trial court erred in failing to exercise its discretion in denying the jury's request to have a certain portion of the testimony read back to it, such error was not prejudicial since the testimony related to events occurring after defendant fired the murder weapon; the requested testimony would not exonerate defendant; and the testimony therefore was not critical to the jury's determination of defendant's guilt. N.C.G.S. § 15A-1233(a).

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 29 April 1988 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 17 May 1989.

Defendant was charged in a proper bill of indictment with the murder of Alfonzo Goodman on 8 August 1987. Defendant was found guilty of voluntary manslaughter and appealed from a judgment imposing a prison sentence of six years.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John R. Corne, for the State.*

*Assistant Appellate Defender Teresa A. McHugh, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant first contends the trial court erred in not exercising its discretion in denying the jury's request to have portions of

the transcript read to it. In this regard, the record discloses the following:

> COURT: I understand you have a request.
>
> FOREMAN: Yes, Your Honor. We would like to hear Mr. Hanible, a transcript of Mr. Hanible's and Mr. Windon's testimony from the time Jessie [sic] fired the gun until they returned to the drinkhouse.
>
> COURT: Let me make this observation for you. I hesitate to have the reporter read back what he has in his notes because sometimes they may not be accurate.
>
> You will have to recall that I told you that it is your duty to recall the evidence as best as you can; so I am afraid that is what you will have to do.

G.S. 15A-1233(a) in pertinent part provides:

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence.

In *State v. Lang*, 301 N.C. 508, 272 S.E. 2d 123 (1980), the trial judge denied the jury's request to have the testimony of the defendant's alibi witness read to it. The trial judge stated:

> No sir, the transcript is not available to the jury. The lady who takes it down, of course, is just another individual like you 12 people. And what she hears may or may not be what you hear, and 12 of you people are expected, through your ability to hear and understand and to recall evidence, to establish what the testimony was. No, I hope you understand. She takes it down and the record, after she submits it to the varous individuals, if it needs to be submitted is gone over and then they themselves can object to what she had in the record as not being what the witness says, and so on and so forth. For that reason I do not allow records to even be read back to the jury, because she may not have heard it exactly as the witness said it, and you people might

have heard it differently; so for that reason you are required to recall the witness' testimony as you've heard it.

*Id.* at 510-511, 272 S.E. 2d at 125. Our Supreme Court held that the trial judge's comment to the jury that the transcript was unavailable to them was an indication that the judge did not exercise his discretion to decide whether, under the facts of that case, the transcript should have been available. The Court further held that this error by the trial court was prejudicial because the requested evidence, if believed, would have established an alibi for the defendant. Accordingly, the defendant was granted a new trial.

In *State v. Ashe*, 314 N.C. 28, 33, 331 S.E. 2d 652, 656 (1985), the trial judge responded to a jury request to review portions of the testimony as follows:

I'll have to give you this instruction. There is no transcript at this point. You and the other jurors will have to take your recollection of the evidence as you recall it and as you can agree upon that recollection in your deliberations.

Our Supreme Court found that the trial judge's response was in substance precisely the same as the trial judge's response in *Lang*, and therefore the trial judge erred in not exercising his discretion in denying the request. The Court also found the error to be prejudicial because, although the court did not give the foreman a chance to specify what portion of the testimony the jury wanted to review, it was reasonable to conclude that it was evidence relating to the defendant's alibi, the only contested issue in the case.

Assuming *arguendo*, that Judge Barefoot failed to exercise his discretion in denying the jury's request in this case, we do not find this to be prejudicial error. In order for this alleged error to be found prejudicial, the burden rests on defendant to demonstrate that had this error not occurred, there is a reasonable possibility that his trial would have had a different outcome. *See* G.S. 15A-1443(a); *State v. Helms*, 93 N.C. App. 394, 378 S.E. 2d 237 (1989). Defendant has not met this burden. The testimony requested by the jury — "a transcript of Mr. Hanible's and Mr. Windon's testimony from the time Jessie [sic] fired the gun until they returned to the drinkhouse" — was not significant to defendant's defense. This testimony related to events occurring *after* defendant fired the murder weapon, and thus this requested testimony, unlike alibi testimony, would not exonerate defendant and was not critical to the jury's determination of defendant's guilt.

**IN RE FORECLOSURE OF FULLER**

[94 N.C. App. 207 (1989)]

Defendant had a fair trial, free from prejudicial error.

No error.

Judges ARNOLD and WELLS concur.