STATE OF NORTH CAROLINA v. THOMAS JOHN STARR

No. 64PA11

(Filed 9 December 2011)

**Jury— request to review testimony denied—trial court's failure to exercise discretion—inability to provide transcript**
　　Although the trial court violated N.C.G.S. § 15A-1233(a) by failing to exercise its discretion in a multiple assaulting a firefighter with a firearm case by denying the jury's request to review a firefighter's testimony based on the inability to provide a transcript, defendant failed to show a reasonable possibility that a different result would have been reached at trial absent this error.

**STATE v. STARR**

[365 N.C. 314 (2011)]

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, —— N.C. App. ——, 703 S.E.2d 876 (2011), finding no error in judgments entered on 12 November 2008 by Judge W. Allen Cobb, Jr. in Superior Court, New Hanover County. Heard in the Supreme Court on 14 November 2011.

*Roy Cooper, Attorney General, by Karen A. Blum, Assistant Attorney General, for the State.*

*Thomas Reston Wilson for defendant-appellant.*

MARTIN, Justice.

This case presents the question of whether the trial court exercised its discretion in accordance with N.C.G.S. § 15A-1233(a) when it denied the jury's request to review the trial transcript. For the reasons stated herein, we modify and affirm the decision of the Court of Appeals finding no error in the trial court's denial of the jury's request.

On 27 September 2007, members of the Wilmington Fire Department arrived at an apartment complex in response to a 911 call reporting water leaking into one of the units. Concerned that defendant, the upstairs resident, might need medical assistance, four firefighters and a police officer knocked loudly on his door and identified themselves. When there was no response from defendant's apartment, they forced entry with a Halligan tool. Firefighters Spruill, Lacewell, Chadwick, and Comer, along with the police officer, stood directly in front of defendant's door during this process. Spruill wedged the Halligan tool between the door and the jamb, while Chadwick hammered the tool with an axe to break the lock. As Chadwick hammered, Spruill, Lacewell, and he heard a "pop" sound. When Spruill pushed the door open, he heard a second "pop" just before entering the apartment. He then saw defendant standing about twelve feet away, pointing a gun at him. Defendant fired at Spruill, who quickly exited and shouted, "He's got a gun[!]" Chadwick also saw defendant pointing his gun and ducked out of the doorway just as another "pop" sounded. The police officer entered the apartment with his gun drawn and ordered defendant to drop his weapon. Defendant complied and was promptly arrested.

Defendant was charged with one count of assaulting a law enforcement officer with a firearm and four counts of assaulting a firefighter with a firearm. Defendant pleaded not guilty and the case proceeded to trial. Corporal Musacchio and three of the four firemen

testified. The jury acquitted defendant of the charge of assaulting a law enforcement officer with a firearm, but convicted him of all four counts of assaulting a firefighter with a firearm. The trial court sentenced defendant to two consecutive active terms of nineteen to twenty-three months, suspended for thirty-six months with supervised probation.

Defendant filed a petition for writ of certiorari with the Court of Appeals on 26 August 2010. Among other things, defendant argued that the trial court erred in failing to follow the procedures of N.C.G.S. § 15A-1233 when it denied the jury's request to review Firefighter Spruill's testimony. The Court of Appeals stated that a "trial court properly exercises its discretion in denying the jury's request to review testimony when the court instructs the jurors to rely on their recollection of the evidence in reaching a verdict." *State v. Starr*, —— N.C. App. ——, ——, 703 S.E.2d 876, 882 (2011) (citing *State v. Harden*, 344 N.C. 542, 563, 476 S.E.2d 658, 669 (1996), *cert. denied*, 520 U.S. 1147, 117 S. Ct. 1321 (1997), and *State v. Corbett*, 339 N.C. 313, 338, 451 S.E.2d 252, 265 (1994)). The court held that because the trial court instructed the jurors to rely on their recollection of the evidence, the trial court "properly exercised its discretion in denying the jury's request to review Firefighter Spruill's trial testimony." *Id.* at ——, 703 S.E.2d at 882 (citing *State v. Lawrence*, 352 N.C. 1, 27, 530 S.E.2d 807, 824 (2000), *cert. denied*, 531 U.S. 1083, 121 S. Ct. 789 (2001)). On 15 June 2011, we allowed defendant's petition for discretionary review on that issue.

Jury requests for review of evidence during deliberations are governed by section 15A-1233(a), which states:

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

N.C.G.S. § 15A-1233(a) (2009). This statutory provision is a codification of the common law rule that "the decision whether to grant or refuse the jury's request for a restatement of the evidence lies within the discretion of the trial court." *State v. Ford*, 297 N.C. 28, 30, 252

S.E.2d 717, 718 (1979) (citations omitted); *see also State v. Ashe*, 314 N.C. 28, 34-35, 331 S.E.2d 652, 656-57 (1985). Under this rule, the trial court "must exercise its discretion in determining whether to permit requested evidence to be read to or examined by the jury together with other evidence relating to the same factual issue." *Ashe*, 314 N.C. at 34, 331 S.E.2d at 656.

When a trial court violates this statutory mandate by denying the jury's request to review the transcript " 'upon the ground that the trial court has no power to grant the motion in its discretion, the ruling is reviewable,' " and the alleged error is preserved by law even when the defendant fails to object. *State v. Barrow*, 350 N.C. 640, 646, 517 S.E.2d 374, 378 (1999) (quoting *State v. Johnson*, 346 N.C. 119, 124, 484 S.E.2d 372, 375-76 (1997)). "[T]here is error when the trial court refuses to exercise its discretion in the erroneous belief that it has no discretion as to the question presented." *Id.* (quoting *Johnson*, 346 N.C. at 124, 484 S.E.2d at 376 (quotation marks omitted)).

Here, after the jury retired to deliberate, the following exchange took place:

THE COURT: They've got a question. Let the record reflect that they have sent another note saying, "We are requesting the testimony of Marvin Spruill."

Of course, we don't have that. We don't have that capability and I thought if it was okay with you, since we're in the middle of jury selection in this one, that we would open the door without y'all being seen and let [the court reporter] take everything down and me just inform them to rely on their recollections. We don't have the modern day equipment to provide real-time transcript or something.

(NO VERBAL RESPONSE.)

(THE FOLLOWING TOOK PLACE AT THE JURY ROOM DOOR.)

THE COURT: Hey, freeze what you're doing right now. I have received this note, "We are requesting the testimony of Marvin Spruill." In North Carolina *we don't have the capability of real-time transcripts so we cannot provide you with that.* You are to rely on your recollection of the evidence that you have heard in your deliberations. That's my instruction to you. Okay. Thank you. [Emphasis added.]

When the trial court gives no reason for a ruling that must be discretionary, we presume on appeal that the court exercised its discretion. *Johnson*, 346 N.C. at 126, 484 S.E.2d at 376. "However, where the statements of the trial court show that the trial court did not exercise discretion, as is evident in the present case, the presumption is overcome, and the denial is deemed erroneous." *Id.* The trial court's statement "we don't have the capability . . . so we cannot provide you with that" overcomes the presumption the court exercised its discretion.

A trial court's statement that it is *unable* to provide the transcript to the jury demonstrates the court's apparent belief that it lacks the discretion to comply with the request. *Barrow*, 350 N.C. at 646, 517 S.E.2d at 378. Because "[a] court does not exercise its discretion when it believes it has no discretion," *State v. Maness*, 363 N.C. 261, 278, 677 S.E.2d 796, 807 (2009) (citations omitted), *cert. denied*, —— U.S. ——, 130 S. Ct. 2349 (2010), a response indicating the inability to provide a transcript constitutes erroneous failure to exercise discretion.

This Court has examined exchanges nearly identical to the exchange in this case and concluded that the trial court did not properly exercise its discretion in denying the jury's request to review the transcript. Those cases compel our decision in the present case. For example, the trial court did not exercise discretion when it responded: "[W]hat [the court reporter is] taking down has not yet been transcribed. And the Court doesn't have the ability to now present to you the transcription of what was said during the course of the trial. . . . It will be your responsibility and obligation to use your independent recollection of what those witnesses testified . . . ." *Barrow*, 350 N.C. at 647, 517 S.E.2d at 378 (emphasis omitted). Similarly, we held that the trial court did not exercise discretion when it said: "I'll have to give you this instruction. There is no transcript at this point. You and the other jurors will have to take your recollection of the evidence as you recall it and as you can agree upon that recollection in your deliberations." *Ashe*, 314 N.C. at 33, 331 S.E.2d at 656; *see also State v. Lang*, 301 N.C. 508, 510-11, 272 S.E.2d 123, 125 (1980); *Ford*, 297 N.C. at 30, 252 S.E.2d at 718. These cases demonstrate the well-settled rule that a trial court does not exercise its discretion when, as evidenced by its response, it believes it cannot comply with the jury's transcript request. In cases such as these, in which the trial court's statement indicates its belief that it does not have discretion to grant the jury's request to review evidence, the court's additional instruction that the jurors rely on their memory will not render

the response discretionary. Therefore, the trial court in the instant case violated N.C.G.S. § 15A-1233(a) by failing to exercise its discretion, and thus the error is preserved by operation of law for appellate review. *See Ashe*, 314 N.C. at 40, 331 S.E.2d at 659.

We pause to provide guidance to trial court judges to ensure compliance with N.C.G.S. § 15A-1233(a). The trial court must exercise its discretion to determine whether, "under the facts of th[e] case," the transcript should be made available to the jury. *Lang*, 301 N.C. at 511, 272 S.E.2d at 125. But the trial court is not required to state a reason for denying access to the transcript. The trial judge may simply say, "In the exercise of my discretion, I deny the request," and instruct the jury to rely on its recollection of the trial testimony. *See* 1 Super. Court Subcomm., Bench Book Comm. & N.C. Conf. of Super. Court Judges, *North Carolina Trial Judges' Bench Book* § III, ch. 38, at 2 (Inst. of Gov't, Chapel Hill, N.C., 3d ed. 1999).

Having determined that there was error and that defendant's failure to object at trial did not bar appellate review, we now consider whether the trial court's failure to exercise its discretion was prejudicial. *See Lang*, 301 N.C. at 510, 272 S.E.2d at 125. Defendant bears the burden of showing that he has been prejudiced by the trial court's error in not exercising discretion in accordance with N.C.G.S. § 15A-1233(a). He must show "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a).

Defendant argues that "[t]he jury's review of Fireman Spruill's testimony could have reasonably resulted in not guilty verdicts for Mr. Starr on one or more of the guilty verdicts of the four firemen." Defendant has not carried his burden of proving that the error was prejudicial. He does not explain how the review of Spruill's testimony would have created a reasonable possibility that a different result would have been reached at his trial. The jury had the opportunity to see and hear Spruill's testimony at trial, *see State v. Covington*, 290 N.C. 313, 344, 226 S.E.2d 629, 649-50 (1976), and the testimony was not confusing or contradicted, *see Johnson*, 346 N.C. at 126, 484 S.E.2d at 377. Further, Spruill's testimony was not " 'material to the determination of defendant's guilt or innocence.' " *Id.* (quoting *Lang*, 301 N.C. at 511, 272 S.E.2d at 125). Specifically, the requested testimony was incriminating to defendant and came from a witness for the prosecution, unlike alibi testimony or other testimony that would tend to benefit a defendant. *See State v. Hudson*, 331 N.C. 122,

144-45, 415 S.E.2d 732, 744 (1992), *cert. denied*, 506 U.S. 1055, 113 S. Ct. 983 (1993); *Lang*, 301 N.C. at 511, 272 S.E.2d at 125. In addition, Spruill's testimony was not "the only evidence directly linking defendant to the alleged crimes." *Johnson*, 346 N.C. at 126, 484 S.E.2d at 377. Rather, three other witnesses gave testimony that corroborated Spruill's testimony. Defendant thus has not demonstrated a reasonable possibility that a different result would have been reached at his trial had the error not been committed. Accordingly, we modify and affirm the decision of the Court of Appeals.

MODIFIED AND AFFIRMED.