An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-344

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

v.

ANGELA WELCH HILL

Cleveland County
Nos. 12 CRS 56659
13 CRS 386

Appeal by defendant from judgment entered 17 October 2013 by Judge Timothy S. Kincaid in Cleveland County Superior Court. Heard in the Court of Appeals 11 September 2014.

> *Attorney General Roy Cooper by Assistant Attorney General Jane L. Oliver for the State.*
>
> *Russell J. Hollers III for defendant-appellant.*

STEELMAN, Judge.

Even assuming *arguendo* that the trial court erred in its comments to the jury about the availability of a transcript for its review, defendant failed to show prejudice as a result of these comments.

## I. Factual and Procedural Background

In December 2012 Rick Rippy had romantic relationships with Karen Mobley and with Angela Hill (defendant). On the evening of 3 December 2012 Mr. Rippy, his son, Brandon Huffman, and Ms. Mobley ate supper together in a camper trailer in the King's Mountain area of Cleveland County, North Carolina. After supper defendant entered the trailer and began arguing and fighting with Ms. Mobley. In the course of the altercation, Ms. Mobley's hand was injured. After the fight, defendant left the trailer and damaged Ms. Mobley's car.

On 11 February 2013 defendant was indicted for the felony of assault with a deadly weapon inflicting serious injury and for the misdemeanor of injury to personal property. Defendant was tried before a jury at the 13 October 2013 Session of Criminal Superior Court of Cleveland County. In her trial testimony, defendant admitted committing simple assault on Ms. Mobley and damaging her car, but denied possessing or using a knife. Witness testimony was in conflict as to whether defendant or Ms. Mobley was Mr. Rippy's current girlfriend at the time of the incident, and whether it was defendant or Ms. Mobley who held a knife during the fight. On 17 October 2013 the jury returned guilty verdicts against defendant for assault with a deadly weapon inflicting serious injury and injury to personal

property. The trial court sentenced defendant to an active prison term of 38 to 55 months.

Defendant appeals.

## II. Petition for Certiorari

During the sentencing proceeding, defendant's trial counsel informed the trial court that defendant was "adamant that she's not guilty" and that "she is going to want to appeal." However, defendant neither noted an appeal in open court nor filed a written notice of appeal. On 25 April 2014 defendant's appellate counsel filed a petition for writ of *certiorari* seeking review of the judgment entered in this matter. In our discretion, we grant defendant's petition for writ of *certiorari*.

## III. Court's Statement Concerning Review of Transcript

Defendant's sole argument on appeal is that the trial court violated N.C. Gen. Stat. § 15A-1233(a) by failing to exercise its discretion regarding whether to allow the jury to review witness testimony. Defendant contends that the court's error entitles her to a new trial. We disagree.

## A. Standard of Review

N.C. Gen. Stat. § 15A-1233(a) provides in part that:

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested

> parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

"This statute imposes two duties upon the trial court when it receives a request from the jury to review evidence. First, the court must conduct all jurors to the courtroom. Second, the trial court must exercise its discretion in determining whether to permit requested evidence to be read to or examined by the jury[.] . . . Insofar as the statute requires the judge to exercise discretion, it is merely a codification of the common law rule." *State v. Ashe*, 314 N.C. 28, 34, 331 S.E.2d 652, 656 (1985) (citations omitted). "The trial court must uphold its duty to 'exercise its discretion in determining whether to permit requested evidence to be read to or examined by the jury[.]'" *State v. Presson*, __ N.C. App. __, __, 747 S.E.2d 651, 656 (quoting *State v. Hinton*, __ N.C. App. __ , __, 738 S.E.2d 241, 248 (2013) (quoting *Ashe*, 314 N.C. at 34, 331 S.E.2d at 656)), *disc. review denied*, 367 N.C. 274, 752 S.E.2d 150 (2013).

"When a trial court violates this statutory mandate by denying the jury's request to review the transcript 'upon the ground that the trial court has no power to grant the motion in its discretion, the ruling is reviewable,' and the alleged error

is preserved by law even when the defendant fails to object." *State v. Starr*, 365 N.C. 314, 317, 718 S.E.2d 362, 365 (2011) (quoting *State v. Barrow*, 350 N.C. 640, 646, 517 S.E.2d 374, 378 (1999) (internal quotation omitted)).

However, to obtain relief, a defendant must show prejudice as a result of the trial court's error. "This prejudice may be shown by demonstrating 'a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.'" *Hinton*, __ N.C. App. at __, 738 S.E.2d at 248 (quoting N.C. Gen. Stat. § 15A-1233).

## B. Analysis

Just before the jury retired to deliberate, the trial court stated the following to the jury:

> Just a few things that have commonly come up recently and I'll instruct you as follows. Often the juries will ask for the transcript of a witness and we can provide that. It's going to take us about four weeks and you'll have to be here while we prepare a transcript and proof read and get it ready but we can do that if you want it. Generally speaking I deny those requests. It is discretionary with the Court but that's just to let you know before you ask how long it takes.

Defendant argues that the trial court erred by warning the jury that it would have to wait in court for a month in order to review a transcript, thereby "chilling the jury's right to

review trial testimony" and "prevent[ing] the jury from reviewing" "confusing, contradictory testimony by threatening to keep the jury in the courthouse for a month waiting for preparation of a transcript." However, defendant does not argue that the court's alleged error affected the outcome of the trial. Therefore, even if we assume that (1) the court erred; (2) but for the court's error, the jury would have asked to review testimony, and; (3) the court would have granted the jury's request, defendant has failed to articulate any argument that the jury's hypothetical review of testimony would have changed the outcome of the trial.

Defendant attempts to distinguish the facts of the present case from those of *State v. Johnson*, 164 N.C. App. 1, 595 S.E.2d 176 (2004), where we held that the defendant was not prejudiced by the trial court's failure to comply with N.C. Gen. Stat. § 15A-1233, contending that "[u]nlike in *Johnson*, there was confusing and contradictory evidence [in this case] that the jury would have wanted to review." Assuming, *arguendo*, the accuracy of defendant's speculation that the jury would have wanted to review trial testimony, a defendant does not show prejudice simply based on the existence of confusing or contradictory testimony:

> The test to determine whether a defendant should receive a new trial due to the trial

court's failure to exercise discretion has two parts. First, we "must consider if the trial court failed to exercise its discretion." . . . Second, we must "consider whether this error was prejudicial." The error is prejudicial if the testimony was "material to the determination of [the] defendant's guilt or innocence." Testimony is material if "the defendant can show that (1) such testimony or evidence involved issues of some confusion and contradiction, and (2) it is likely that a jury would want to review such testimony." If the defendant satisfies this requirement, we will determine [if] the error was prejudicial because there exists "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. N.C. Gen. Stat. § 15A-1443(a)."

(emphasis added). *State v. Hatfield*, __ N.C. App. __, __, 738 S.E.2d 236, 239-240 (2013) (quoting *State v. Long*, 196 N.C. App. 22, 28, 674 S.E.2d 696, 700 (2009) (internal citation omitted), *State v. Johnson*, 346 N.C. 119, 126, 484 S.E.2d 372, 377 (1997) (internal quotation omitted), and *Johnson*, 164 N.C. App. at 20, 595 S.E.2d at 187 (internal quotation omitted)). *Hatfield* is clear that a defendant must demonstrate prejudice resulting from the court's error.

In *State v. Starr* our Supreme Court first "determined that there was error and that defendant's failure to object at trial did not bar appellate review" and then "consider[ed] whether the trial court's failure to exercise its discretion was

prejudicial." *Starr*, 365 N.C. at 319, 718 S.E.2d at 366. Although the defendant in *Starr* argued that the "jury's review of [a witness's] testimony could have reasonably resulted in not guilty verdicts for Mr. Starr on one or more of the [charges,]" he "d[id] not explain how the review of [the witness's] testimony would have created a reasonable possibility that a different result would have been reached at his trial." *Id.* The Court held that "Defendant thus has not demonstrated a reasonable possibility that a different result would have been reached at his trial had the error not been committed" and denied the defendant relief based on the trial court's error.

In this case, defendant does not even make the conclusory assertion proffered by the defendant in *Starr* that review of trial testimony "would have created a reasonable possibility that a different result would have been reached at his trial." Defendant has failed to establish, or even to put forth an argument, that the trial court's comments to the jury affected the ultimate outcome of the trial. As a result, she has not demonstrated reversible error.

NO ERROR.

Judges GEER and DIETZ concur.

Report per Rule 30(e).