TYSON, Judge.
 

 *309
 
 Dwayne Rayshon Degraffenried ("Defendant") appeals from a judgment entered upon jury verdicts finding him guilty of trafficking cocaine by transportation and trafficking cocaine by possession. We find no error.
 

 I. Background
 

 Guilford County sheriff's deputies entered the home of Jamie Yarborough to execute a search warrant they had obtained after several weeks of prior observation and surveillance. The search yielded approximately 28 grams of cocaine inside Yarborough's home. Greensboro Police officers arrived to participate in the investigation after the seizure of the cocaine.
 

 Immediately after his arrest, Yarborough volunteered to contact his supplier, who officers later identified as Defendant. Yarborough called Defendant and requested he deliver approximately nine ounces of cocaine to Yarborough's home. Defendant arrived alone carrying a black drawstring bag. A sheriff's deputy deployed a "flash bang" to disorient Defendant and Yarborough, which caused both men to fall to the ground. Defendant, along with the black bag he carried, and Yarborough were taken into custody.
 

 A North Carolina State Crime Lab forensic scientist later tested the white powder found inside the black bag carried by Defendant and determined it contained 248.25 grams of cocaine. Defendant was indicted for trafficking by possessing 200 or more but less than 400 grams of cocaine, and trafficking by transporting 200 or more but less than 400 grams of cocaine.
 

 During closing arguments, the prosecutor, without objection, made references to Defendant's right to a jury trial and noted he had exercised that right despite "[a]ll of the evidence" being against him. The jury returned verdicts finding Defendant guilty of both charges. The court consolidated the offenses and sentenced Defendant to a minimum of 70 months and a maximum of 93 months of imprisonment. Defendant filed written notice of appeal the same day.
 

 II. Jurisdiction
 

 Jurisdiction lies in this Court from final judgment of the superior court entered upon the jury's verdict pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2017).
 

 III. Issue
 

 Defendant argues the trial court erred by failing to intervene
 
 ex mero motu
 
 during the State's closing argument.
 

 *310
 

 IV. Standard of Review
 

 The standard of review for assessing alleged improper closing arguments that fail to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene
 
 ex mero motu
 
 . Under this standard, [o]nly an extreme impropriety on the part of the prosecutor will compel this Court to hold that the trial judge abused his discretion in not recognizing and correcting
 
 ex mero motu
 
 an argument that defense counsel apparently did not believe was prejudicial when originally spoken. To establish such an abuse, defendant must show that the prosecutor's comments so infected the trial with unfairness that they rendered the conviction fundamentally unfair.
 

 State v. Waring
 
 ,
 
 364 N.C. 443
 
 , 499-500,
 
 701 S.E.2d 615
 
 , 650 (2010) (internal quotation marks and citations omitted),
 
 cert. denied
 
 ,
 
 565 U.S. 832
 
 ,
 
 132 S.Ct. 132
 
 ,
 
 181 L.Ed.2d 53
 
 (2011).
 

 *889
 

 V. Analysis
 

 North Carolina General Statutes require of an attorney in closing arguments that:
 

 an attorney may not become abusive, inject his personal experiences, express his personal belief as to the truth or falsity of the evidence or as to the guilt or innocence of the defendant, or make arguments on the basis of matters outside the record except for matters concerning which the court may take judicial notice.
 

 N.C. Gen. Stat. § 15A-1230(a) (2017). We tender this statute to all counsel for review and compliance therewith as officers of the court.
 

 "[A] criminal defendant has a constitutional right to plead not guilty and be tried by a jury. Reference by the State to a defendant's failure to plead guilty violates his constitutional right to a jury trial."
 
 State v. Larry
 
 ,
 
 345 N.C. 497
 
 , 524,
 
 481 S.E.2d 907
 
 , 923,
 
 cert. denied
 
 ,
 
 522 U.S. 917
 
 ,
 
 118 S.Ct. 304
 
 ,
 
 139 L.Ed.2d 234
 
 (1997) (internal citations omitted). Defendant challenges the following portion of the State's closing argument as an improper reference to his exercise of his right to a jury trial:
 

 Truth be told, some cases, ladies and gentlemen, are tried because there is a genuine question with regard to
 
 *311
 
 the facts; one side claims this and the other side claims that. I would suggest, ladies and gentlemen, that that is not our scenario.
 

 Some cases are tried when there is a genuine question regarding the application of the law. There's a consensus about what actually occurred, but one side claims that it was not a violation of the law and the other side claims that it was. And this, again, ladies and gentlemen, is certainly not the case in our instance.
 

 All of the evidence is that the defendant knowingly possessed cocaine and transported it from one place to another. So[,] the question is, why is this case being tried. I would respectfully submit, ladies and gentlemen, it is because the defendant is facing a mandatory prison term.
 

 Simply put, the defendant is looking to exercise his right to a trial by jury, and he is entitled. Under our system of justice, one cannot be stripped of their liberty without due process of law. He wants a trial and he is granted a trial.
 

 "[W]hen defense counsel fails to object to the prosecutor's improper argument and the trial court fails to intervene, the standard of review requires a two-step analytical inquiry: (1) whether the argument was improper; and, if so, (2) whether the argument was so grossly improper as to impede the defendant's right to a fair trial."
 
 State v. Huey
 
 ,
 
 370 N.C. 174
 
 , 179,
 
 804 S.E.2d 464
 
 , 469 (2017). Only where this Court "finds both an improper argument
 
 and
 
 prejudice will this Court conclude that the error merits appropriate relief."
 

 Id.
 

 (emphasis supplied)
 

 "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned."
 
 Darden v. Wainwright
 
 ,
 
 477 U.S. 168
 
 , 181,
 
 106 S.Ct. 2464
 
 , 2471,
 
 91 L.Ed.2d 144
 
 , 157 (1986) (citation and internal quotation marks omitted). The "relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."
 

 Id.
 

 (citation and internal quotation marks omitted).
 

 The prosecutor's comments were improper and satisfy the first prong of
 
 Huey
 
 ,
 
 370 N.C. at 179
 
 ,
 
 804 S.E.2d at 469
 
 . Counsel is admonished for minimalizing and referring to Defendant's exercise of his right to a trial by jury in a condescending manner.
 

 Moving to the second step, Defendant has failed to show any reversible error by the trial court's failure to intervene
 
 ex mero motu
 
 under the
 
 *312
 
 second prong of
 
 Huey
 
 .
 

 Id.
 

 Where overwhelming evidence of the defendant's guilt exists, our appellate courts "have not found statements that are improper [in and of themselves] to amount to prejudice and reversible error."
 
 Id
 
 . at 181,
 
 804 S.E.2d at 470
 
 .
 

 The evidence of Defendant's guilt was overwhelming. Yarborough identified Defendant as his cocaine supplier. Yarborough, in cooperation with sheriff's deputies and police officers, called Defendant to ask for another delivery of cocaine.
 

 *890
 
 Defendant arrived alone at Yarborough's home and was apprehended with a black drawstring bag, which was later determined to contain almost 250 grams of cocaine. While the comments were improper, Defendant has failed to show the prosecutor's comments were so prejudicial to render Defendant's trial fundamentally unfair and to warrant the trial court's
 
 ex mero motu
 
 intervention in the absence of any objection. This argument is overruled.
 

 VI. Conclusion
 

 The trial court did not commit plain error by declining to intervene
 
 ex mero motu
 
 during the State's closing argument in the absence of Defendant's failure to object or preserve error. Defendant received a fair trial, free from preserved or prejudicial error. We find no error in the jury's verdict or in the judgment entered thereon.
 
 It is so ordered.
 

 NO PLAIN ERROR.
 

 Judges CALABRIA and ZACHARY concur.